PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___WESTERN___ DISTRICT OF TEXAS

## ___WACO*___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

___MONICA MELISSA PATTERSON___
**PETITIONER**
(Full name of Petitioner)

___CHRISTINA MELTON CRAIN UNIT___
**CURRENT PLACE OF CONFINEMENT**

vs.

TDCJ ID: 02173031    SID: 05751830
**PRISONER ID NUMBER**

___BRIAN COLLIER, Director, TDCJ___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

*Filed in the District Court with jurisdiction over Gatesville, Texas, where Applicant is currently in custody. 28 U.S.C. § 2242 requires that the petition be filed where the person is held. "If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the the applicant is held." Ms. Patterson is in custody in Coryell County, Texas, which is in the Western District of Texas, Waco Division.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4,15-19 & 20-25)
- [ ] Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 370th District Court, Hildago, County, Texas.

2. Date of judgment of conviction: Nov. 1, 2017; Sentenced Nov. 2, 2017; Judgment filed November 6, 2017. SEE 1CR123-134.

3. Length of sentence: Life Without Parole, 75 yrs, 4 yrs, and 15 yrs concurrent

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: CR-0623-16-G; Capital Murder (Life w/o Parole); Theft of Prop. >=$100k (75yrs.+$10k fine); Misapplication Fiduc/Fin. Property>$20k (4yrs.+$10k fine);Attempted Theft $200k or more (15 yrs.+$10k fine); All to run concurrent.

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 13th Court of Appeals, Corpus Christi-Edinburg, Texas.   Cause Number (if known) 13-18-0030-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision? August 13, 2020.

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: Erroneous application of Tex. Penal Code § 19.03(a)(3); Expert testimony did not meet Tex. R.Evid.702; No unlawful appropriation of property;Failure to give accomplice instruction;Error in rehearing en banc.

    Result: PDR Refused.

    Date of result: 01/27/2021   Cause Number (if known): PD-0880-20

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: N/A

    Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 370th District Court, Hildago County, Texas.

    Nature of proceeding: 11.07 Application for Post-Conviction Writ of Habeas Corpus.

    Cause number (if known): WR-91,133-02*

-3-

*Ms. Patterson filed a Motion for Compassionate Release during the COVID pandemic based on her poor health and life-threatening conditions, which was ruled not to be a writ of habeas corpus and which was denied. See Ex parte Monica Melissa Patterson, WR-91,133-01 (Tex.Crim.App. May 7, 2020) [Article 11.25 does not permit release of a convicted felon during her appeal]. Judge Yeary Concurring 1CR195-198.

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>December 21, 2021. See CCA Record 247-294.*</u>

Grounds raised: <u>Insufficient evidence of capital murder and for both thefts; uncorroborated  accomplice testimony</u>

<u>improper jury charge; inadmissible "expert testimony" of state's M.E.; inadmissible recording; double jeopardy.</u>

Date of final decision: <u>04/09/2025</u>

What was the decision? <u>Denied without written order.</u>

Name of court that issued the final decision: <u>Texas Court of Criminal Appeals.</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☑ No

   (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

*Motion to Remand writ to trial court for evidentiary investigation and hearing filed 04/11/22; Amended writ filed 4/27/22 assigned CR-0623-16-G(1) by trial court with memorandum filed 04/29/22; Second Amended writ filed 03/27/23 assigned CR-0623-16-G(1) by trial court with autopsy slides from turn over ordered on 08/22/22.

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:** N/A

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:** N/A

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status: _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes  ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1  Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:**
<u>Trial counsel were ineffective for failing to investigate and present expert testimony of a defense medical examiner, cell phone location data expert, and financial expert. Testimony by these three experts was available at the time of trial and met, rebutted and defeated the state's case.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>The trial lawyers had no one examine the autopsy tissue slides from Knell definitively showing death from cancer and heart attack, natural cases. State's M.E. relied on non medical evidence for her homicide opinion; a non-admitted and inadmissible statement of (Graza) a person not on trial. The court told counsel that statement would be admitted if they cross-examined the State's M.E. They did not cross-examine her, violating Patterson's right to confront Garza and the M.E. Trial counsel did not meet and defeat the state's flawed cell location and theft counts financial testimony. Facts that a cellphone expert could have explained would rebut and defeat the state's false testimony that Patterson's phone and Mario Garza's phone never co-located at Knell's home. A financial expert would have shown that the state amount did not meet the statutory level and was not theft because the will was never probated. Had they investigated, met and defeated these testimonies, the results of the case would have been different.</u>

B.  **GROUND TWO:** <u>The state put on false and flawed testimony on its Medical Examiner, Dr. Farley</u>

<u>and did not correct it.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Dr. Farley testified that Mr. Knell's cause of death was homicide. All medical evidence established Mr. Knell's death by natural causes including his autopsy tissue slides, which the state knew or should have known established Farley's testimony as false or flawed. The state also knew the witness relied on incorrect and recanted statements of Mario Garza who had plead guilty to avoid the death penalty. In fact, he observed Mr. Knell was alive after Ms. Patterson had left Mr. Knell's home and as he himself left Knell's home. They heard Mascorro talk to Knell on the 911 recorded call she made, showing he was alive when Patterson left. The state did not correct the false testimony.</u>

C. **GROUND THREE:** The state failed to produce Brady evidence that Mario Garza maintained that neither he nor Ms. Patterson had anything to do with Knell's death.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The facts in Ground two are fully incorporated here by reference. During writ investigation Mario Garza told an investigator (Omar Gonzalez Abraham) and a lawyer that Mr. Knell was alive after Ms. Patterson left and then he left his home and as Mario Garza left Mr. Knell's home. He had orally plead guilty to avoid the death penalty and the state knew he took a different position which caused the state to put on a different theory at trial and to not call Mario Garza as a witness. This evidence would have resulted in a different outcome at trial. The state put on that Patterson was standing out in the driveway with Mascorro when she heard Knell being strangeled. The state knew or should have known that Mario had recanted his statement and should have provided evidence of same to trial counsel.

D. **GROUND FOUR:** New evidence of Mario Garza's recantation and independent eye-witness testimony establish that Patterson's capital murder conviction violates due process. U.S. Const. amend. 5 & 14.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Leonardo Lazcano, a workman was in Patterson's car when she dropped Mario Garza (a handyman) off at Knell's home to repair a shower. Lazcano corroborates Mario Garza's post-appeal recantation of his statements that had incriminated himself and Ms. Patterson. Garza did not harm Mr. Knell and states that Ms. Patterson had nothing to do with Knell's death. Garza's lawyers would not allow Patterson's trial lawyers to speak with him and the rules of evidence did not permit them to speak to him. Unbeknownst to trial counsel, Mario Garza's bondsman corroborated Garza's position during pre-trial that Garza did not harm Knell and Patterson had nothing to do with Knell's death. Disinterested eyewitness, Leonardo Lazcano, was in Patterson's car in the driveway when Patterson dropped Garza off. His observations prove that Mascorro lied about standing with Patterson in the driveway while Garza was inside where she claimed she could hear Knell being strangled. This did not occur and Loscano witnessed that it did not occur. Moscorro lied about this. Instead, Patterson left immediately after dropping Garza off, Mascorro never came out into the driveway, Patterson left while Knell was still alive, Mascorro spoke to Knell who was alive as Mascorro called 911 (she was recorded on the 911 call speaking to Knell), and Knell was alive when after Garza left he saw the ambulance Mascorro had summoned in her 911 call to Knell's home. That ambulance was followed by a car driven by Patterson's assistant in which Patterson also rode. For these reasons, Patterson's conviction violates due process.

21. Relief sought in this petition: Reversal of Convictions and Sentences.

E.    GROUND FIVE:    Monica Patterson was prevented from adequately cross-examining witnesses against her in violation of the Confrontation Clause. U.S. Const, amend. VI; *Crawford v. Washington*, 541 U.S. 36 (2004).

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As explained in Ground One, the State's forensic pathologist based her opinion entirely on the inadmissible confession of Mario Garza who did not testify. However, the trial lawyers were told by the court that if they questioned her about this nonmedical testimony, they would open the door to the inadmissible alleged confession of Garza. It was Garza's out-of-court testimonial statement that came from the pathologist's lips in the guise of the doctor's expertise, while effectively precluding Patterson from exposing and challenging the unreliable source of such testimony.

F:    GROUND SIX:    Trial and appellate counsel were ineffective for failure to raise and appeal jury misconduct. *Strickland v. Washington*, 466 U.S. 668 (1984).

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial, counsel learned of egregious jury misconduct and brought same to the Court's attention. On October 17, 2017, the Court called each of the jurors into the courtroom individually and questioned each one about their adherence to the jury instruction that no person "shall be permitted to converse with a juror about the case on trial except in the presence and by permission of the Court." At least five jurors admit that they were speaking to each other or a third party about the case while the trial was taking place. When confronted, two other jurors admitted to having improper conversations about the case. Jury misconduct leads to a presumption of injury. Counsel failed to move for a mistrial or contest the fairness of the verdict after discovering the jury misconduct and failed to raise this reversible error on appeal as well, violating Patterson's sixth amendment right to effective assistance of counsel.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?  ☐Yes  ☐No
If your answer is "yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☑ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)    At preliminary hearing: <u>Oscar R. Flores</u>

    (b)    At arraignment and plea: <u>Oscar R. Flores</u>

    (c)    At trial: <u>Oscar R. Flores, Ricardo Salinas, Calixtro Villarreal, Jr., Fernando Mancias, Brandy Voss</u>.

    (d)    At sentencing: <u>Same as above; See 25(c).</u>

    (e)    On appeal: <u>Brandy Voss and Dayna Jones on appeal and Cynthia Orr and Gerald Goldstein on Rehearing</u>

    (f)    In any post-conviction proceeding: <u>Cynthia E. Orr and Gerald H. Goldstein</u>

(g)   On appeal from any ruling against you in a post-conviction proceeding: <u>Cynthia E. Orr and Gerald H. Goldstein.</u>

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

   N/A.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

      (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

**CYNTHIA E. ORR**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _____

_____

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April 2025, a copy of this petition was served via mail on:

Bryan Collier
TDCJ Director
Agency #696
P.O. Box 99
Huntsville, Texas 77342-0099

Ken Paxton
Texas Attorney General
Office of the Attorney General
Attn: Chief, Criminal Appeals Division (Mail Code 066)
And Attorney General's Docketing Clerk
P.O. Box 12548
Capital Station
Austin, TX 78711-2548

/s/ Cynthia E. Orr
**Cynthia E. Orr**